■ VIRGINIA CORSARO et al., Appellants, v STOP AND SHOP, INC., Doing Business as FOODTOWN, Respondent. [732 NYS2d 95] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Nassau County (Phelan, J.), dated July 5, 2000, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff Virginia Corsaro allegedly was injured when she slipped and fell on a patch of ice in the shopping cart area at the store owned by the defendant Stop and Shop, Inc., d/b/a Foodtown. In support of its motion for summary judgment, the defendant made a prima facie showing of its entitlement to judgment as a matter of law. The defendant established that it lacked actual and constructive notice of the icy condition, the injured plaintiff did not see any icy condition until after she fell, the defendant had inspected the area several times a day, and the origin of the icy condition was undetermined (*see, Pepito v City of New York*, 262 AD2d 619; *DeMasi v Radbro Realty*, 261 AD2d 354). There was no claim that the defendant created the icy condition. In opposition to the motion, the plaintiffs failed to provide sufficient evidence to establish a triable issue of fact. That the ice appeared brown and muddy, standing alone, is insufficient to raise an issue of fact as to constructive notice (*see, Simmons v Metropolitan Life Ins. Co.*, 84 NY2d 972; *Grillo v New York City Tr. Auth.*, 214 AD2d 648). Therefore, the defendant's motion for summary judgment was properly granted. Bracken, P. J., McGinity, Luciano and Feuerstein, JJ., concur.