■ Lucille Strange et al., Respondents, v Colgate Design Corp. et al., Appellants. [774 NYS2d 344]—

In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Suffolk County (Cohalan, J.), entered August 4, 2003, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

On February 5, 1998, at approximately 10:45 P.M., the plaintiff Lucille Strange allegedly slipped and fell on a patch of ice on

the sidewalk in front of the defendants' "7-Eleven" store. At their depositions, the plaintiffs described the ice as dirty, black, one-half to one inch thick, and covering an area measuring at least three feet by five feet. The defendant Farrukh Baig testified at his deposition that the area where the injured plaintiff allegedly fell was a "covered" portion of the sidewalk where there was never any ice.

In support of their motion for summary judgment, the defendants failed to establish their prima facie entitlement to judgment as a matter of law (*see Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853 [1985]). The depositions submitted by the defendants in support of their motion were irreconcilably contradictory as to, inter alia, the weather conditions preceding the accident, the practices of their employees in salting the ice on the sidewalk, and the duration of the existence of the patch of ice on which the injured plaintiff allegedly fell. Moreover, there was no deposition testimony on behalf of the defendants establishing that any of their employees regularly inspected the sidewalk (*see Corsaro v Stop & Shop,* 287 AD2d 678 [2001]). Under these circumstances, it cannot be said that there was no triable issue of fact as to the defendants' constructive notice of an ice patch. Accordingly, the burden did not shift to the plaintiffs to raise a triable issue of fact (*see Zuckerman v City of New York,* 49 NY2d 557, 562 [1980]). Therefore, it is unnecessary to consider the sufficiency of the plaintiffs' opposition papers (*see Scholz v Kolan Holdings,* 305 AD2d 489, 490 [2003]; *Karras v County of Westchester,* 272 AD2d 377, 378 [2000]; *Mariaca-Olmos v Mizrhy,* 226 AD2d 437, 438 [1996]). Ritter, J.P., S. Miller, H. Miller and Crane, JJ., concur.