■ BRENDA PEARSON, Appellant, v PARKSIDE LIMITED LIABILITY COMPANY et al., Respondents. (And a Third-Party Action.) [810 NYS2d 357]—In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Westchester County (Donovan, J.), entered October 28, 2004, as granted the defendants' separate motions for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs, the motions are denied, and the complaint is reinstated.

On their motions for summary judgment, the defendants bore the initial burden of establishing their prima facie entitlement to judgment as a matter of law "by affirmatively demonstrating the merit of [their] defense, rather than by pointing to gaps in the plaintiff's proof" (*Mondello v DiStefano,* 16 AD3d 637, 638 [2005]). The defendants did not meet this burden. They submitted no evidence showing that the allegedly dangerous condition existed for an insufficient length of time for them to have discovered and remedied it (*see Amidon v Yankee Trails, Inc.,* 17 AD3d 835 [2005]; *Strange v Colgate Design Corp.,* 6 AD3d 422 [2004]; *McCombs v Related Mgt. Co.,* 290 AD2d 681 [2002]; *cf. Corsaro v Stop & Shop,* 287 AD2d 678 [2001]). As a result, the burden did not shift to the plaintiff to raise a triable issue of

fact with respect to the defendants' constructive notice of the condition which caused her injuries (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]), and the defendants' motions should have been denied, regardless of the sufficiency of the plaintiff's papers in opposition (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851 [1985]). Miller, J.P., Ritter, Spolzino and Dillon, JJ., concur.