■ RENEE TOTTEN et al., Appellants, v CUMBERLAND FARMS, INC., Respondent. [871 NYS2d 179]—

The injured plaintiff allegedly slipped and fell on ice on the parking lot ground of the defendant's premises as she exited her parked vehicle. The icy condition was about two feet in diameter and one inch thick. As a result, the injured plaintiff and her husband, derivatively, commenced this action against the defendant. The defendant moved for summary judgment, contending that it neither created the alleged icy condition nor had actual or constructive notice of it. The Supreme Court granted the motion. We reverse.

A defendant who moves for summary judgment in a slip-and-fall case has the initial burden of demonstrating, prima facie, that it neither created the hazardous condition nor had actual or constructive notice of its existence for a sufficient length of time to discover and remedy it (*see DeFalco v BJ's Wholesale Club, Inc.*, 38 AD3d 824 [2007]). This burden cannot be satisfied merely by pointing out gaps in the plaintiffs' case, as the defendant does here (*see Picart v Brookhaven Country Day School*, 37 AD3d 798 [2007]). In support of its motion, the defendant did not submit evidence from its employees who were at the premises on the day of the accident. No evidence was elicited as to when the parking lot was last inspected and no information was provided as to the defendant's general policy on inspecting and maintaining the parking lot. Accordingly, the defendant failed to meet its initial burden as the movant, and the Supreme Court should have denied its motion for summary judgment dismissing the complaint (*see Soto-Lopez v Board of Mgrs. of Crescent Tower Condominium*, 44 AD3d 846 [2007]; *Cox v Huntington Quadrangle No. 1 Co.*, 35 AD3d 523 [2006]; *Lafrancesca v Wal-Mart Stores, Inc.*, 23 AD3d 351 [2005]). Since the defendant did not meet its initial burden as the movant, we need not review the sufficiency of the plaintiffs' opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851

[1985]; *Joachim v 1824 Church Ave., Inc.,* 12 AD3d 409 [2004]). Miller, J.P., Dickerson, Leventhal and Belen, JJ., concur.