In an action to recover damages for personal injuries, the defendant Guy Constantopoulos appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Costello, J.), dated February 2, 2010, as denied that branch of the defendants’ motion which was for summary judgment dismissing the complaint insofar as asserted against him.
Ordered that the order is affirmed insofar as appealed from, with costs.
This action arises from the plaintiffs alleged slip and fall on a patch of black ice in the parking lot of a 7-Eleven store, owned by the defendant Guy Constantopoulos (hereinafter the appellant) pursuant to a franchise agreement.
In moving for summary judgment, the appellant failed to establish, prima facie, that he did not create the icy condition that allegedly caused the plaintiff to slip and fall or that he lacked actual or constructive notice of it (see Medina v La Fiura Dev. Corp., 69 AD3d 686 [2010]; Lebron v Napa Realty Corp., 65 *1055 AD3d 436, 436-437 [2009]; Baines v G&D Ventures, Inc., 64 AD3d 528, 529 [2009]; Totten v Cumberland Farms, Inc., 57 AD3d 653, 654 [2008]; Strange v Colgate Design Corp., 6 AD3d 422 [2004]). In support of his motion, the appellant failed to submit evidence from his employees who were at the premises on the day of the accident and who were responsible for shoveling and salting the area where the plaintiff allegedly fell, stating when the parking lot was last inspected, shoveled, or plowed (see Totten v Cumberland Farms, Inc., 57 AD3d at 654; Gerbi v Tri-Mac Enters, of Stony Brook, Inc., 34 AD3d 732 [2006]).
Under these circumstances, it cannot be said, as a matter of law, that there was no triable issue of fact as to the appellant’s liability for causing the plaintiffs accident. Since the appellant failed to meet his prima facie burden, it is not necessary to consider the sufficiency of the plaintiffs opposition papers (see Medina v La Fiura Dev. Corp., 69 AD3d at 686-687; Baines v G&D Ventures, Inc., 64 AD3d at 529; Strange v Colgate Design Corp., 6 AD3d at 423). Accordingly, the Supreme Court properly denied that branch of the defendants’ motion which was for summary judgment dismissing the complaint insofar as asserted against the appellant (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]). Covello, J.P., Santucci, Balkin and Austin, JJ., concur.