■ CATALINA FLORES, Respondent, v BAJ HOLDING CORP., Appellant. [942 NYS2d 202]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Saitta, J.), entered August 8, 2011, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

This action arises from the plaintiff's alleged slip and fall on black ice on the exterior stairs of the residential multiple dwelling in which she resided.

A real property owner or a party in possession or control of real property will be held liable for injuries sustained in a slip-and-fall accident involving snow and ice on its property only when it created the alleged dangerous condition or had actual or constructive notice of it (*see Cantwell v Fox Hill Community Assn., Inc.*, 87 AD3d 1106 [2011]; *Crosthwaite v Acadia Realty Trust*, 62 AD3d 823 [2009]; *Abbattista v King's Grant Master Assn., Inc.*, 39 AD3d 439 [2007]; *Nielsen v Metro-North Commuter R.R. Co.*, 30 AD3d 497 [2006]). Thus, a defendant who moves for summary judgment in a slip-and-fall case has the initial burden of making a prima facie showing that it neither created the hazardous condition nor had actual or constructive notice of its existence for a sufficient length of time to discover and remedy it (*see Santoliquido v Roman Catholic Church of Holy Name of Jesus*, 37 AD3d 815, 815-816 [2007]). Only after this threshold burden has been satisfied will the court examine the sufficiency of the plaintiff's opposition (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

Under the circumstances presented here, the defendant failed to meet its initial burden as the movant (*see Medina v La Fiura Dev. Corp.*, 69 AD3d 686 [2010]; *Baines v G&D Ventures, Inc.*, 64 AD3d 528, 529 [2009]; *Totten v Cumberland Farms, Inc.*, 57 AD3d 653, 654 [2008]; *Strange v Colgate Design Corp.*, 6 AD3d 422 [2004]). We agree with the Supreme Court that the deposition transcripts submitted by the defendant in support of its motion were irreconcilably contradictory as to, among other things, the weather conditions preceding the accident, the duration of the existence of the patch of ice on which the injured plaintiff allegedly fell, whether or not the defendant created the hazardous condition and, if not, whether or not the defendant was on notice of the icy condition. Accordingly, the Supreme Court properly denied the defendant's motion for summary judgment dismissing the complaint (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d at 853; *Mignogna v 7-Eleven, Inc.*, 76 AD3d 1054, 1055 [2010]; *Strange v Colgate Design Corp.*, 6 AD3d at 423). Rivera, J.P., Florio, Chambers and Cohen, JJ., concur.