◼ DAISY FEOLA et al., Appellants, v CITY OF NEW YORK et al., Defendants, and CENTRAL PARKING SYSTEMS, Respondent. [958 NYS2d 208]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Richmond County (Fusco, J.), dated May 9, 2011, as granted that branch of the motion of the defendant Central Parking Systems which was for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, with costs, and that branch of the motion of the defendant Central Parking Systems which was for summary judgment dismissing the complaint insofar as asserted against it is denied.

On December 12, 2005, the injured plaintiff slipped and fell on ice in a parking lot while walking from her parked car to a bus stop. The subject parking lot was part of a parking facility consisting of several lots operated by the defendant Central Parking Systems (hereinafter CPS). At the relevant time, CPS had a contract with Snoquip, Inc. (hereinafter Snoquip), to perform snow removal services at the lots. Snoquip subcontracted the snow removal services to C&T Building Construction Corp. The injured plaintiff, and her husband suing derivatively, thereafter commenced this action against, among others, CPS. The Supreme Court granted that branch of CPS's motion which was for summary judgment dismissing the complaint insofar as asserted against it.

"A real property owner or a party in possession or control of real property will be held liable for injuries sustained in a slip-and-fall accident involving snow and ice on its property only when it created the alleged dangerous condition or had actual or constructive notice of it" (*Cantwell v Fox Hill Community Assn., Inc.*, 87 AD3d 1106, 1106 [2011]; *see Littleton v Amberland Owners, Inc.*, 94 AD3d 953 [2012]; *Flores v BAJ Holding Corp.*, 94 AD3d 945 [2012]). Thus, a defendant who moves for summary judgment in a slip-and-fall case has the initial burden of making a prima facie showing that it neither created the hazardous condition nor had actual or constructive notice of its existence for a sufficient length of time to discover and remedy it (*see Flores v BAJ Holding Corp.*, 94 AD3d at 946). " 'A defendant has constructive notice of a defect when it is visible and apparent, and has existed for a sufficient length of time before the

accident that it could have been discovered and corrected' " (*Williams v SNS Realty of Long Is., Inc.*, 70 AD3d 1034, 1035 [2010], quoting *Hayden v Waldbaum, Inc.*, 63 AD3d 679, 679 [2009]; *see Gordon v American Museum of Natural History*, 67 NY2d 836, 837-838 [1986]). "To meet its initial burden on the issue of lack of constructive notice, [a] defendant must offer some evidence as to when the area in question was last cleaned or inspected relative to the time when the plaintiff fell" (*Birnbaum v New York Racing Assn., Inc.*, 57 AD3d 598, 598-599 [2008]; *see Williams v SNS Realty of Long Is., Inc.*, 70 AD3d at 1035; *Pryzywalny v New York City Tr. Auth.*, 69 AD3d 598 [2010]; *Musachio v Smithtown Cent. School Dist.*, 68 AD3d 949, 949-950 [2009]; *Sherry v Wal-Mart Stores E., L.P.*, 67 AD3d 992, 993-994 [2009]; *Holub v Pathmark Stores, Inc.*, 66 AD3d 741, 742 [2009]; *Braudy v Best Buy Co., Inc.*, 63 AD3d 1092, 1092 [2009]).

CPS, in support of its motion for summary judgment dismissing the complaint insofar as asserted against it, offered no evidence as to what, if any, cleaning procedures or inspection procedures were performed from December 9, 2005, when the parking lots at its facility were plowed, until the time of the injured plaintiff's accident on December 12, 2005 (*see Birnbaum v New York Racing Assn., Inc.*, 57 AD3d at 598; *Schiano v Mijul, Inc.*, 79 AD3d 726 [2010]; *Roy v City of New York*, 65 AD3d 1030 [2009]; *cf. Rios v New York City Hous. Auth.*, 48 AD3d 661 [2008]). Therefore, the Supreme Court erred in granting CPS's motion for summary judgment, as it did not meet its prima facie burden of showing a lack of constructive notice of the ice condition that allegedly caused the injured plaintiff's accident. In light of that failure, it is unnecessary to determine whether the plaintiffs' papers submitted in opposition to CPS's motion were sufficient to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]; *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851 [1985]). Dillon, J.P., Balkin, Chambers and Hall, JJ., concur.