■ Eloisa Garcia-Monsalve, Appellant, v Wellington Leasing, L.P., et al., Respondents. [1 NYS3d 228]—

In an action to recover damages for personal injuries, the

plaintiff appeals from an order of the Supreme Court, Queens County (Rosengarten, J.), dated August 16, 2013, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is denied.

The plaintiff commenced this action against the defendants alleging that she slipped and fell on a wet ramp in the basement of her apartment building. After discovery was completed, the defendants moved for summary judgment dismissing the complaint. The Supreme Court granted the defendants' motion, and the plaintiff appeals.

A defendant moving for summary judgment dismissing the complaint in a slip-and-fall case must establish, prima facie, that it did not create the dangerous condition that caused the plaintiff's injuries and had neither actual nor constructive notice of the condition when the plaintiff was injured (*see Rogers v Bloomingdale's, Inc.*, 117 AD3d 933, 933 [2014]; *Armijos v Vrettos Realty Corp.*, 106 AD3d 847, 847 [2013]). A defendant has constructive notice of a dangerous condition when the condition has been visible and apparent long enough for the defendant to have discovered and remedied it (*see Gordon v American Museum of Natural History*, 67 NY2d 836 [1986]; *Cassidy v City of New York*, 121 AD3d 735, 736 [2014]; *Walsh v Super Value, Inc.*, 76 AD3d 371, 375 [2010]). To meet its burden on the issue of constructive notice, a defendant must offer some evidence as to when the area in question was last cleaned or inspected relative to the time when the plaintiff fell (*see Rodriguez v Shoprite Supermarkets, Inc.*, 119 AD3d 923, 923 [2014]; *Birnbaum v New York Racing Assn., Inc.*, 57 AD3d 598, 598-599 [2008]). Reference to general cleaning practices is insufficient to establish a lack of constructive notice in the absence of evidence regarding specific cleaning or inspection of the area in question (*see Rodriguez v Shoprite Supermarkets, Inc.*, 119 AD3d at 923; *Rogers v Bloomingdale's, Inc.*, 117 AD3d at 933).

Here, the defendants failed to establish, prima facie, that they neither created nor had actual or constructive notice of the alleged dangerous condition when the plaintiff was injured (*see Rodriguez v Shoprite Supermarkets, Inc.*, 119 AD3d at 923; *Rogers v Bloomingdale's, Inc.*, 117 AD3d at 934). Specifically, the defendants failed to establish when they had last cleaned or inspected the ramp on which the plaintiff allegedly slipped and fell (*see Rogers v Bloomingdale's, Inc.*, 117 AD3d at 934). Since the defendants failed to establish their prima facie entitlement

to judgment as a matter of law, the Supreme Court should have denied their motion for summary judgment dismissing the complaint, regardless of the sufficiency of the plaintiff's opposition papers (*see Walsh v Super Value, Inc.*, 76 AD3d at 377). Balkin, J.P., Cohen, Duffy and LaSalle, JJ., concur.