■ BLANCA CASTILLO, Respondent, v BOOTH SILVERCREST, Appellant. [24 NYS3d 86]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Queens County (Kamins, J.), entered August 29, 2014, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff commenced this action after she allegedly slipped and fell on black ice outside the main entrance of the defendant's building where she worked.

A property owner will be held liable for a slip-and-fall accident involving snow and ice on its property only when it created the dangerous condition which caused the accident or had actual or constructive notice thereof (*see Haberman v Meyer*, 120 AD3d 1301 [2014]; *Cuillo v Fairfield Prop. Servs., L.P.*, 112 AD3d 777 [2013]; *Smith v Hariri Realty Assoc., Inc.*, 109 AD3d 897 [2013]). Thus, a defendant who moves for summary judgment in a slip-and-fall case has the initial burden of making a prima facie showing that it neither created the hazardous condition nor had actual or constructive notice of its existence for a sufficient length of time to discover and remedy it (*see McBryant v Pisa Holding Corp.*, 110 AD3d 1034 [2013]; *Feola v City of New York*, 102 AD3d 827 [2013]; *Flores v BAJ Holding Corp.*, 94 AD3d 945 [2012]).

In support of its motion, the defendant submitted an affidavit from one of its employees stating that he spread rock salt in the area of the front entranceway to the building about an hour before the plaintiff's accident and had not observed any ice at that time. However, the defendant also submitted the transcript of the deposition of the plaintiff, who testified that the main entranceway was covered with ice at the time of the accident and that she did not observe any rock salt on the ground immediately after she fell. Under the circumstances presented here, the defendant failed to establish its prima facie entitlement to judgment as a matter of law. Accordingly, the Supreme Court properly denied the defendant's motion for summary judgment, without regard to the sufficiency of the

plaintiff's opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Balkin, J.P., Austin, Miller and Hinds-Radix, JJ., concur.