■ SUMERGIDA LEBRON, Respondent, v 142 S 9, LLC, et al., Appellants. [54 NYS3d 679]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Wade, J.), dated October 7, 2016, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff allegedly was injured when she slipped and fell on water on a stairway in a building owned by the defendants. The plaintiff thereafter commenced this action to recover dam-

ages for personal injuries. The defendants moved for summary judgment dismissing the complaint, and the Supreme Court denied the motion. The defendants appeal.

The defendants failed to demonstrate, prima facie, that they lacked notice of the alleged water on the stairs so as to establish their entitlement to judgment as a matter of law (*see generally Garcia-Monsalve v Wellington Leasing, L.P.*, 123 AD3d 1085, 1086 [2014]; *Rogers v Bloomingdale's, Inc.*, 117 AD3d 933 [2014]). A defendant has constructive notice of a dangerous condition when the condition has been visible and apparent long enough for the defendant to have discovered and remedied it (*see Gordon v American Museum of Natural History*, 67 NY2d 836 [1986]; *Garcia-Monsalve v Wellington Leasing, L.P.*, 123 AD3d at 1086).

Here, the defendants did not submit any evidence regarding specific cleaning or inspection of the area in question, or any other affirmative proof to demonstrate how long the condition had existed. Rather, they merely provided evidence regarding the general cleaning practices and inspection procedures employed by the building superintendent, which is insufficient to establish a lack of constructive notice (*see Jeremias v Lake Forest Estates*, 147 AD3d 742 [2017]; *Giantomaso v T. Weiss Realty Corp.*, 142 AD3d 950, 951 [2016]; *Garcia-Monsalve v Wellington Leasing, L.P.*, 123 AD3d at 1086). Further, the defendants' contention that the "water could have been deposited there only minutes or seconds before the alleged fall" is pure speculation, and the defendants cannot satisfy their initial burden on summary judgment merely by pointing to gaps in the plaintiff's case (*see Jiann Hwa Fang v Metropolitan Transp. Auth.*, 148 AD3d 791 [2017]; *Lorenzo v 7201 Owners Corp.*, 133 AD3d 641 [2015]).

Since the defendants failed to demonstrate their prima facie entitlement to judgment as a matter of law, the Supreme Court properly denied their motion without regard to the sufficiency of the plaintiff's opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

In light of our determination, we need not reach the parties' remaining contentions. Balkin, J.P., Hall, Sgroi and Barros, JJ., concur.