■ FRED ROSS, Respondent, v HALF HOLLOW HILLS CENTRAL SCHOOL DISTRICT, Appellant. [60 NYS3d 323]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Suffolk County (Santorelli, J.), dated December 13, 2016, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

On January 10, 2014, the plaintiff allegedly slipped and fell on an icy walkway located at West Hollow Middle School in Melville, a school within the defendant school district. The plaintiff subsequently commenced this action against the defendant to recover damages for the personal injuries he allegedly sustained. The defendant moved for summary judgment dismissing the complaint, and the Supreme Court denied the motion. The defendant appeals.

A real property owner or a party in possession or control of real property will be held liable for a slip-and-fall accident involving snow and ice on its property only when it created the dangerous condition which caused the accident or had actual or constructive notice thereof (*see Castillo v Silvercrest*, 134 AD3d 977 [2015]; *Smith v New York City Hous. Auth.*, 124 AD3d 625 [2015]; *Haberman v Meyer*, 120 AD3d 1301 [2014]). Thus, a defendant who moves for summary judgment in a slip-and-fall case has the initial burden of making a prima facie showing that it neither created the hazardous condition nor had actual or constructive notice of its existence for a sufficient length of time to discover and remedy it (*see Castillo v Silvercrest*, 134 AD3d at 977).

In support of its motion, the defendant submitted, among other things, a transcript of the deposition testimony of one of the custodians who worked at the subject school, who testified that approximately 1½ hours prior to the subject accident, he inspected the walkway and observed a mixture of salt and sand thereon, but did not observe any ice at that time. However, the defendant also submitted the plaintiff's General Municipal Law § 50-h hearing and deposition transcripts, in which he testified that he slipped on a patch of ice at the time of the accident, there were other patches of ice on the walkway at that time, and he did not observe any salt and sand mixture on the ground immediately after he fell. The defendant also submitted the transcripts of the deposition testimony of two nonparty witnesses who were members of the Melville Fire Department and had responded to the scene of the plaintiff's accident. One of these witnesses testified that he observed the slippery conditions on the walkway and that the conditions necessitated using the grass adjacent to the walkway, rather than the actual walkway, in order to remove the plaintiff to the

awaiting ambulance. The second witness testified that he observed ice "everywhere" on the walkway, including where the plaintiff was found, and further, that he did not recall seeing any salt or sand present on the walkway. The deposition transcripts submitted by the defendant in support of its motion were irreconcilably contradictory as to, among other things, whether the ice existed, and, if so, the duration of the existence of the patch of ice on which the injured plaintiff allegedly fell, and whether the defendant had notice of the icy condition (*see Flores v BAJ Holding Corp.*, 94 AD3d 945, 946 [2012]; *Persaud v S & K Green Groceries, Inc.*, 72 AD3d 778, 779 [2010]). Accordingly, the defendant failed to meet its initial burden as the movant (*see Castillo v Silvercrest*, 134 AD3d 977 [2015]), and while the Supreme Court properly denied the defendant's motion for summary judgment, it should have denied it without regard to the sufficiency of the plaintiff's opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Dillon, J.P., Austin, Roman and Cohen, JJ., concur.