Monje v Guaraca (2018 NY Slip Op 01911)





Monje v Guaraca


2018 NY Slip Op 01911


Decided on March 21, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 21, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
RUTH C. BALKIN
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2016-12344
 (Index No. 5460/14)

[*1]Yolanda O. Monje, appellant, 
v
Maria G. Guaraca, et al., respondents.


Mullaney & Gjelaj, PLLC (The Altman Law Firm, PLLC, New York, NY [Michael T. Altman], of counsel), for appellant.
Nicolini, Paradise, Ferretti & Sabella, PLLC, Mineola, NY (John J. Nicolini and Maureen Quinn of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Livote, J.), entered October 20, 2016, which granted the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is denied.
The plaintiff allegedly was injured when she slipped and fell on ice on the landing of the front exterior steps of the defendants' house in Queens. Thereafter, the plaintiff commenced this action to recover damages for personal injuries. The defendants moved for summary judgment dismissing the complaint, contending that they neither created the alleged ice condition nor had actual or constructive notice of it. The Supreme Court granted the motion, and the plaintiff appeals.
The defendants established their prima facie entitlement to judgment as a matter of law by demonstrating that they neither created the alleged ice condition nor had actual or constructive notice of it (see Hall v Staples the Off. Superstore E., Inc., 135 AD3d 706, 706; Cuillo v Fairfield Prop. Servs., L.P., 112 AD3d 777, 778). In opposition, however, the plaintiff submitted certified climatological data and the deposition testimony of the nonparty witness Fredy Calle, which raised triable issues of fact as to what the weather conditions were like preceding the accident, whether ice was present on the landing at the time of the accident, how long the ice may have been present, and whether the defendants had notice of the alleged ice condition that proximately caused the plaintiff to fall (see Ross v Half Hollow Hills Cent. Sch. Dist., 153 AD3d 745, 746-747; Castillo v Silvercrest, 134 AD3d 977, 977-978; Flores v BAJ Holding Corp., 94 AD3d 945, 946).
Accordingly, the Supreme Court should have denied the defendants' motion for summary judgment dismissing the complaint.
MASTRO, J.P., BALKIN, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court