Ahmetaj v Mountainview Condominium (2019 NY Slip Op 02489)





Ahmetaj v Mountainview Condominium


2019 NY Slip Op 02489


Decided on April 3, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 3, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2018-00239
 (Index No. 31004/15)

[*1]Rustem Ahmetaj, et al., appellants, 
v
Mountainview Condominium, defendant, Mountainview Condominium Association, respondent.


Bergman, Bergman, Fields & Lamonsoff, LLP, Hicksville, NY (Michael E. Bergman, Seth I. Fields, and Julie T. Mark of counsel), for appellants.
Marshall Dennehey Warner Coleman & Goggin, P.C., Rye Brook, NY (Jennifer M. Meyers of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Rockland County (Rolf Thorsen, J.), dated November 28, 2017. The order granted the motion of the defendant Mountainview Condominium Association for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the order is reversed, on the law, with costs, and the motion of the defendant Mountainview Condominium Association for summary judgment dismissing the complaint insofar as asserted against it is denied.
On February 10, 2015, between 6:30 and 7:00 p.m,, the plaintiff Rustem Ahmetaj (hereinafter the plaintiff) allegedly slipped and fell on ice on a cement walkway (hereinafter the breezeway) of a condominium complex. The plaintiff, and his wife suing derivatively, commenced this action against, among others, the defendant Mountainview Condominium Association (hereinafter the defendant), to recover damages for personal injuries. The defendant moved for summary judgment dismissing the complaint insofar as asserted against it, contending that it did not create the alleged hazardous condition or have actual or constructive notice of its existence. The Supreme Court granted the motion. The plaintiffs appeal.
"A property owner will be held liable for a slip-and-fall accident involving snow and ice on its property only when it created the dangerous condition which caused the accident or had actual or constructive notice of its existence" (Cuillo v Fairfield Prop. Servs., L.P., 112 AD3d 777, 778; see Castillo v Silvercrest, 134 AD3d 977, 977; Haberman v Meyer, 120 AD3d 1301, 1301). "Thus, a defendant who moves for summary judgment in a slip-and-fall case has the initial burden of making a prima facie showing that it neither created the hazardous condition nor had actual or constructive notice of its existence for a sufficient length of time to discover and remedy it" (Castillo v Silvercrest, 134 AD3d at 977; see Ross v Half Hollow Hills Cent. Sch. Dist., 153 AD3d 745, 746). "A defendant has constructive notice of a dangerous condition when the condition has been visible [*2]and apparent long enough for the defendant to have discovered and remedied it" (Garcia-Monsalve v Wellington Leasing, L.P., 123 AD3d 1085, 1086; see Gordon v American Museum of Natural History, 67 NY2d 836). "To meet its initial burden on the issue of lack of constructive notice, [a] defendant must offer some evidence as to when the area in question was last cleaned or inspected relative to the time when the plaintiff fell" (Feola v City of New York, 102 AD3d 827, 828 [internal quotation marks omitted]; see Birnbaum v New York Racing Assn., Inc., 57 AD3d 598, 598-599).
Here, the defendant failed to demonstrate, prima facie, that it did not have constructive notice of the alleged ice condition that caused the plaintiff to fall. The deposition testimony of the defendant's site manager merely referred to her general practice of traversing the breezeway where the accident allegedly occurred, one to two times per week, but provided no evidence regarding any specific inspection of the area prior to the plaintiff's fall (see Baez v Willow Wood Associates, LP, 159 AD3d 785, 786; Garcia-Monsalve v Wellington Leasing, L.P., 123 AD3d at 1086). The superintendent testified at his deposition that the entry in his log on February 9, 2015, the day prior to the plaintiff's fall, stating "snow all day long," meant he performed snow removal operations in all areas, including the breezeway area in which the accident allegedly occurred. He also testified that the February 9, 2015, entry in his log stating "6 a.m. start salt; 2 passes" meant that he made "two passes" of salt that day, including salting all the breezeways. However, with regard to February 10, 2015, the date of the plaintiff's fall, the superintendent first testified that he could not tell from the log if snow had been removed from the breezeway on that date. He later testified, when shown a photograph, that snow was removed from the subject area of the breezeway on that date. The superintendent also testified that, based on the information in his log, on February 10, 2015, the date of the accident, he had applied salt to areas where it was needed, but he could not recall if he specifically applied salt to the breezeway area at issue. The superintendent's testimony failed to provide specific details of his snow removal efforts and salting near the time of the incident, and, thus, was too general to establish lack of constructive notice (see Garcia-Monsalve v Wellington Leasing, L.P., 123 AD3d at 1086).
Since the defendant did not meet its prima facie burden of showing a lack of constructive notice of the ice condition that allegedly caused the plaintiff's accident, it is unnecessary to determine whether the plaintiffs' papers submitted in opposition to the defendant's motion were sufficient to raise a triable issue of fact (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
Accordingly, the Supreme Court should have denied the defendant's motion for summary judgment dismissing the complaint insofar as asserted against it.
DILLON, J.P., CHAMBERS, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court