Muzio v Levittown Union Free Sch. Dist. (2019 NY Slip Op 03974)





Muzio v Levittown Union Free Sch. Dist.


2019 NY Slip Op 03974


Decided on May 22, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 22, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
LEONARD B. AUSTIN
HECTOR D. LASALLE
ANGELA G. IANNACCI, JJ.


2018-03258
 (Index No. 602177/15)

[*1]James Muzio, appellant, 
v
Levittown Union Free School District, respondent, et al., defendant.


Edelman, Krasin & Jaye, PLLC, Westbury, NY (Kara M. Rosen of counsel), for appellant.
Ahmuty, Demers & McManus, Albertson, NY (Nicholas M. Cardascia and Glenn A. Kaminska of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Leonard D. Steinman, J.), entered January 19, 2018. The order granted the motion of the defendant Levittown Union Free School District for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the order is reversed, on the law, with costs, and the motion of the defendant Levittown Union Free School District for summary judgment dismissing the complaint insofar as asserted against it is denied.
On January 9, 2014, shortly after 9:00 p.m., the plaintiff allegedly slipped and fell on ice on a driveway in front of the Northside Elementary School located in the defendant Levittown Union Free School District (hereinafter School District). Thereafter, the plaintiff commenced this action to recover damages for personal injuries against the School District and another defendant. The School District moved for summary judgment dismissing the complaint insofar as asserted against it, contending that it did not create the alleged ice condition or have actual or constructive notice of its existence. The Supreme Court granted the motion. The plaintiff appeals.
A real property owner will be held liable for a slip-and-fall accident involving snow and ice on its property only when it created the dangerous condition which caused the accident or had actual or constructive notice thereof (see Ross v Half Hollow Hills Cent. Sch. Dist., 153 AD3d 745, 746; Castillo v Silvercrest, 134 AD3d 977; Smith v New York City Hous. Auth., 124 AD3d 625). Thus, a defendant who moves for summary judgment in a slip-and-fall case has the initial burden of making a prima facie showing that it neither created the hazardous condition nor had actual or constructive notice of its existence for a sufficient length of time to discover and remedy it (see Castillo v Silvercrest, 134 AD3d at 977).
Here, the School District failed to meet its initial burden as the movant. The evidence submitted by the School District demonstrated that snow fell on January 2 and 3, 2014. On January 2, 3, and 4, 2014, the School District removed snow and ice from all of its property, including the [*2]subject elementary school. On January 6, 2014, between 5:00 a.m. and 7:00 a.m., the School District removed slush from all of its property. However, no evidence was submitted as to what the accident site looked like after the School District performed work on the premises on January 6, 2014, and what, if any, cleaning procedures or inspection procedures were performed from 7:00 a.m. on January 6, 2014, until the time of the plaintiff's accident on January 9, 2014. Accordingly, the School District failed to establish, prima facie, that it did not have constructive notice of the alleged ice condition that caused the plaintiff to fall (see Jeremias v Lake Forest Estates, 147 AD3d 742, 743; Feola v City of New York, 102 AD3d 827, 828; Rodriguez v Hudson View Assoc., LLC, 63 AD3d 1135, 1136; Birnbaum v New York Racing Assn., Inc., 57 AD3d 598, 598-599). Accordingly, the Supreme Court should have denied the School District's motion, regardless of the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
BALKIN, J.P., AUSTIN, LASALLE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court