Lauture v Board of Mgrs. at Vista at Kingsgate, Section II (2019 NY Slip Op 04154)





Lauture v Board of Mgrs. at Vista at Kingsgate, Section II


2019 NY Slip Op 04154


Decided on May 29, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 29, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
RUTH C. BALKIN
SYLVIA O. HINDS-RADIX
LINDA CHRISTOPHER, JJ.


2017-09485
 (Index No. 33482/14)

[*1]Chantal Lauture, appellant, 
v
Board of Managers at Vista at Kingsgate, Section II, respondent, et al., defendants (and a third-party action).


Harmon, Linder, & Rogowsky (Mitchell Dranow, Sea Cliff, NY, of counsel), for appellant.
Kelly, Rode & Kelly, LLP, Mineola, NY (Eric P. Tosca and Christine M. Gibbons of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Rockland County (Rolf Thorsen, J.), dated August 8, 2017. The order granted the motion of the defendant Board of Managers at Vista at Kingsgate, Section II, for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the order is reversed, on the law, with costs, and the motion of the defendant Board of Managers at Vista at Kingsgate, Section II, for summary judgment dismissing the complaint insofar as asserted against it is denied.
The plaintiff allegedly was injured when she slipped and fell twice in succession on two patches of ice on the property of a condominium complex owned by the defendant Board of Managers at Vista at Kingsgate, Section II (hereinafter Vista II). The plaintiff allegedly saw both patches of ice before she stepped on them, but she had to traverse those patches to reach her destinations. The plaintiff subsequently commenced this action against, among others, Vista II. Vista II moved for summary judgment dismissing the complaint insofar as asserted against it. The Supreme Court granted the motion, and the plaintiff appeals.
"A property owner will be held liable for a slip-and-fall accident involving snow and ice on its property only when it created the dangerous condition which caused the accident or had actual or constructive notice of its existence" (Cuillo v Fairfield Prop. Servs., L.P., 112 AD3d 777, 778; see Castillo v Silvercrest, 134 AD3d 977; Haberman v Meyer, 120 AD3d 1301). "Thus, a defendant who moves for summary judgment in a slip-and-fall case has the initial burden of making a prima facie showing that it neither created the hazardous condition nor had actual or constructive notice of its existence for a sufficient length of time to discover and remedy it" (Castillo v Silvercrest, 134 AD3d at 977; see Ross v Half Hollow Hills Cent. Sch. Dist., 153 AD3d 745, 746). "To meet its initial burden on the issue of lack of constructive notice, [a] defendant must offer some evidence as to when the area in question was last cleaned or inspected relative to the time when the plaintiff fell" (Feola v City of New York, 102 AD3d 827, 828 [internal quotation marks omitted]; see Torre v Aspen Knolls Estates Home Owners Assn., Inc., 150 AD3d 789, 790; Birnbaum v New York [*2]Racing Assn., Inc., 57 AD3d 598, 598-599).
Here, Vista II failed to establish, prima facie, that it did not have constructive notice of the alleged patches of ice. In support of its motion, Vista II submitted, inter alia, the deposition testimony of the managing agent of the property, who merely testified about his general inspection practices and provided no evidence regarding any specific inspection of the areas in question prior to the plaintiff's falls (see Baez v Willow Wood Assoc., LP, 159 AD3d 785, 786; Garcia-Monsalve v Wellington Leasing, L.P., 123 AD3d 1085, 1086; Mei Xiao Guo v Quong Big Realty Corp., 81 AD3d 610, 611; Alston v Starrett City Assoc., 72 AD3d 711, 712). The Supreme Court's reliance on Gushin v Whispering Hills Condominium I (96 AD3d 721), is misplaced because here, unlike in that case, the conditions were visible and apparent.
Accordingly, the Supreme Court should have denied Vista II's motion for summary judgment dismissing the complaint insofar as asserted against it regardless of the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
SCHEINKMAN, P.J., BALKIN, HINDS-RADIX and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court