Ghent v Santiago (2019 NY Slip Op 04362)





Ghent v Santiago


2019 NY Slip Op 04362


Decided on June 5, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 5, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
RUTH C. BALKIN
LEONARD B. AUSTIN
BETSY BARROS, JJ.


2018-07420
 (Index No. 51915/16)

[*1]Derek Ghent, appellant, 
v
Christian Santiago, et al., respondents.


Sobo & Sobo, LLP, Middletown, NY (Stephen J. Cole-Hatchard of counsel), for appellant.
Cabaniss Casey LLP, Albany, NY (Brian D. Casey of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Dutchess County (James D. Pagones, J.), dated May 16, 2018. The order granted the defendants' motion for summary judgment dismissing the amended complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the amended complaint is denied.
On the morning of February 17, 2016, the plaintiff allegedly slipped and fell on ice on the driveway of the multifamily dwelling in Dutchess County in which he rented an apartment. The plaintiff commenced this action against the defendants, the owners of the subject property, to recover damages for personal injuries. The defendants moved for summary judgment dismissing the amended complaint, contending that they neither created the alleged ice condition nor had actual or constructive notice of it. The Supreme Court granted the motion, and the plaintiff appeals.
"A property owner . . . will be held liable for a slip-and-fall accident involving snow and ice on its property if it created the dangerous condition which caused the accident or had actual or constructive notice thereof" (Stevens v St. Charles Hosp. & Rehabilitation Ctr., 165 AD3d 729, 730; see Ross v Half Hollow Hills Cent. Sch. Dist., 153 AD3d 745, 746). A property owner who moves for summary judgment in a slip-and-fall case "has the initial burden of making a prima facie showing that it neither created the hazardous condition nor had actual or constructive notice of its existence for a sufficient length of time to discover and remedy it" (Castillo v Silvercrest, 134 AD3d 977, 977; see Ross v Half Hollow Hills Cent. Sch. Dist., 153 AD3d at 746).
The defendants failed to establish, prima facie, that they did not have constructive notice of the alleged ice condition that allegedly caused the plaintiff to fall (see Gordon v American Museum of Natural History, 67 NY2d 836, 837-838; Ross v Half Hollow Hills Cent. Sch. Dist., 153 AD3d at 746-747). In support of their motion, the defendants submitted the transcript of the deposition testimony of the plaintiff, who testified that on February 16, 2016, precipitation had fallen, that it stopped sometime after he picked up his children at their school at noon, that when he returned to the subject property, the driveway was not icy, and that the neighbor whom the defendants had retained to plow the driveway had done so after the precipitation stopped but did not apply any salt. The plaintiff also testified that, on February 17, 2016, at approximately 7:00 a.m., he slipped and fell on thick ice that was cloudy and dirty in appearance and which covered the entire [*2]driveway. He further testified that the ice started forming on February 16, 2016, either sometime in the middle of the day, or sometime between 9:00 p.m. and 7:00 a.m. the next day.
The defendants also submitted the transcript of the deposition testimony of the defendant Christian Santiago, who testified that the tenants did not have any responsibilities with respect to snow or ice removal from the driveway. He also testified that he visited the subject property to inspect ongoing renovation work in one of the apartments in the morning or early afternoon of February 16, 2016, that it was not snowing or raining at that time, and that he did not observe any ice on the driveway. Santiago further testified that, when he returned to the property the following day, at approximately 11:00 a.m. or noon, he observed a snowbank measuring anywhere from four-to-five feet or six-to-seven feet high at the end of the driveway created by the plow the day before, that he did not see any ice on the driveway, and that he noticed that there was salt on the concrete landing but not on the driveway. He acknowledged that he never asked the neighbor to put salt down on the driveway after plowing.
The defendants failed to submit any meterological data for either February 16 or 17, 2016, or evidence of the condition of the driveway subsequent to it being plowed by the neighbor or within a reasonable time prior to the incident (see Bronstein v Bederson Dev. Co., 167 AD3d 837, 840).
Since the evidence submitted by the defendants showed the existence of triable issues of fact and did not suffice to establish a prima facie case for summary judgment, the Supreme Court should have denied the defendants' motion for summary judgment dismissing the amended complaint regardless of the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
In light of our determination, we need not consider the plaintiff's remaining contention.
DILLON, J.P., BALKIN, AUSTIN and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court