Coelho v S&A Neocronon, Inc. (2019 NY Slip Op 08652)





Coelho v S&A Neocronon, Inc.


2019 NY Slip Op 08652


Decided on December 4, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 4, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
ROBERT J. MILLER
JOSEPH J. MALTESE
HECTOR D. LASALLE, JJ.


2018-09391
 (Index No. 9751/15)

[*1]Joel Coelho, respondent, 
v
S & A Neocronon, Inc., et al., appellants.


Frenkel Lambert Weiss Weisman & Gordon, LLP, Bay Shore, NY (Lawrence B. Lambert and Todd Weisman of counsel), for appellants.
Borda, Kennedy, Alsen & Gold, LLP, Bay Shore, NY (Peter J. Alsen of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Suffolk County (Sanford N. Berland, J.), dated June 4, 2018. The order denied the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
On March 6, 2015, at approximately 7:15 p.m., the plaintiff allegedly was injured when he slipped and fell on ice on the sidewalk in front of, or adjacent to, a restaurant located in a strip mall owned by the defendant S & A Neocronon, Inc. (hereinafter S & A). The defendant Anthoula Paloubis is the president and sole shareholder of S & A. The plaintiff, a manager at the restaurant, testified at his deposition that he went outside to bring food to a delivery driver. There were tall piles of snow at the curb, and the plaintiff walked through a "cutout" in a snow pile to the parking lot. After he gave the food to the delivery driver, the plaintiff walked back through the cutout and turned left to return to the restaurant. As he turned, he slipped on ice and fell.
The plaintiff commenced this action to recover damages for his personal injuries. The defendants moved for summary judgment dismissing the complaint. In an order dated June 4, 2018, the Supreme Court denied the defendants' motion. The defendants appeal.
Contrary to the defendants' contention, they did not establish their prima facie entitlement to judgment as a matter of law dismissing the complaint on the ground that the plaintiff was unable to identify the cause of his fall (see Pol v Gjonbalaj, 125 AD3d 955, 956). In support of their motion, the defendants submitted a transcript of the plaintiff's deposition testimony, in which he "clearly identified a patch of ice as the alleged cause of [his] fall" (Pickles v Hyde Park Cent. Sch. Dist., 164 AD3d 701, 701; see Giraldo v Twins Ambulette Serv., Inc., 96 AD3d 903, 903).
A property owner will be held liable for a slip-and-fall accident involving snow and ice on its property only when it created the dangerous condition which caused the accident or had actual or constructive notice of its existence (see Bombino-Munroe v Church of St. Bernard, 163 AD3d 616, 617; Castillo v Silvercrest, 134 AD3d 977, 977; Cuillo v Fairfield Prop. Servs., L.P., 112 [*2]AD3d 777, 778). "Thus, a defendant who moves for summary judgment in a slip-and-fall case has the initial burden of making a prima facie showing that it neither created the hazardous condition nor had actual or constructive notice of its existence for a sufficient length of time to discover and remedy it" (Castillo v Silvercrest, 134 AD3d at 977). "To meet its initial burden on the issue of lack of constructive notice, [a] defendant must offer some evidence as to when the area in question was last cleaned or inspected relative to the time when the plaintiff fell" (Ahmetaj v Mountainview Condominium, 171 AD3d 683, 684 [internal quotation marks omitted]; see Feola v City of New York, 102 AD3d 827, 828).
Here, the defendants failed to establish, prima facie, that they did not have constructive notice of the alleged icy condition. The plaintiff's deposition testimony that he did not see any snow or ice on the sidewalk when he arrived at work more than three hours prior to his accident did not establish that the ice formed so close in time to the accident that the defendants could not reasonably have been expected to notice and remedy the condition (see Waters v Ciminelli Dev. Co., Inc., 147 AD3d 1396, 1398; Gonzalez v American Oil Co., 42 AD3d 253, 256; Conklin v Ulm, 41 AD3d 1290, 1291). Moreover, the plaintiff testified at his deposition that there were numerous piles of snow at the curb of the sidewalk, and that there was ice on the sidewalk where the pile of snow he walked through met the sidewalk. The defendants failed to establish, prima facie, that the ice upon which the plaintiff allegedly fell was unrelated to the existence of the snow piles, or that they lacked constructive notice of the alleged icy condition (see generally Zuckerman v City of New York, 49 NY2d 557, 562).
Since the defendants failed to meet their prima facie burden, we agree with the Supreme Court's denial of the defendants' motion, regardless of the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
SCHEINKMAN, P.J., MILLER, MALTESE and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court