Carro v Colonial Woods Condominiums (2019 NY Slip Op 08986)





Carro v Colonial Woods Condominiums


2019 NY Slip Op 08986


Decided on December 18, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 18, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SHERI S. ROMAN
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2017-12193
 (Index No. 603839/15)

[*1]John Carro, appellant, 
v
Colonial Woods Condominiums, respondent, et al., defendants.


Block, O'Toole & Murphy, LLP, New York, NY (Christina R. Mercado of counsel), for appellant.
Lewis Johs Avallone & Aviles, LLP, Islandia, NY (Amy E. Bedell of counsel), for respondent.
Baxter, Smith & Shapiro, P.C., Hicksville, NY (Tod S. Fichtelberg of counsel), for defendant Casalyn Hydro Contracting, Inc.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (William G. Ford, J.), dated September 7, 2017. The order, insofar as appealed from, granted that branch of the motion of the defendant Colonial Woods Condominiums which was for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs to the appellant payable by the respondent, and that branch of the respondent's motion which was for summary judgment dismissing the complaint insofar as asserted against it is denied.
The plaintiff allegedly was injured when he slipped and fell on ice on the walkway abutting his two-story condominium unit in Yaphank. The plaintiff subsequently commenced this action against, among others, the defendant Colonial Woods Condominiums (hereinafter Colonial), the owner of the subject walkway. Colonial moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against it. The Supreme Court granted that branch of Colonial's motion, and the plaintiff appeals.
"A property owner will be held liable for a slip-and-fall accident involving snow and ice on its property only when it created the dangerous condition which caused the accident or had actual or constructive notice thereof" (Castillo v Silvercrest, 134 AD3d 977, 977; see Haberman v Meyer, 120 AD3d 1301). "Thus, a defendant who moves for summary judgment in a slip-and-fall case has the initial burden of making a prima facie showing that it neither created the hazardous condition nor had actual or constructive notice of its existence for a sufficient length of time to discover and remedy it" (Castillo v Silvercrest, 134 AD3d at 977; see Ross v Half Hollow Hills Cent. Sch. Dist., 153 AD3d 745, 746). "To meet its initial burden on the issue of lack of constructive [*2]notice, [a] defendant must offer some evidence as to when the area in question was last cleaned or inspected relative to the time when the plaintiff fell" (Birnbaum v New York Racing Assn., Inc., 57 AD3d 598, 598-599; see Torre v Aspen Knolls Estates Home Owners Assn., Inc., 150 AD3d 789, 790; Feola v City of New York, 102 AD3d 827, 828). Here, Colonial failed to establish, prima facie, that it did not have constructive notice of the alleged patch of ice. The deposition testimony of the president of its board of managers merely referred to general inspection practices, and provided no evidence regarding any specific inspection of the subject area prior to the plaintiff's fall (see Lauture v Board of Mgrs. at Vista at Kingsgate, Section II, 172 AD3d 1351; Ahmetaj v Mountainview Condominium, 171 AD3d 683, 684-685).
Accordingly, the Supreme Court should have denied that branch of Colonial's motion which was for summary judgment dismissing the complaint insofar as asserted against it regardless of the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
AUSTIN, J.P., ROMAN, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court