■ ALICE VOZZO, Respondent, v FAIRFIELD WESTLAKE SQUARE, LLC, Appellant. [59 NYS3d 125]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Suffolk County (Rebolini, J.), dated August 18, 2016, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is granted.

The plaintiff allegedly slipped and fell on black ice in the exterior dumpster area of the defendant's residential complex. After the accident, the plaintiff commenced this personal injury action. The defendant moved for summary judgment dismissing the complaint, and submitted, inter alia, the deposition testimony of the plaintiff, who testified that precipitation fell prior to the accident and that she did not see the icy condition that caused her to fall either before or after the accident. The Supreme Court denied the defendant's motion, finding that in opposition to the defendant's demonstration of its prima facie entitlement to judgment as a matter of law, the plaintiff raised a triable issue of fact. The defendant appeals.

"A property owner will be held liable for a slip-and-fall accident involving snow and ice on its property only when it created the dangerous condition which caused the accident or had actual or constructive notice of its existence" (*Cuillo v Fairfield Prop. Servs., L.P.*, 112 AD3d 777, 778 [2013]; *see Khalil v Fernandez*, 145 AD3d 765, 766 [2016]; *Castillo v Silvercrest*, 134 AD3d 977 [2015]; *Haberman v Meyer*, 120 AD3d 1301 [2014]). Here, the defendant established its prima facie entitlement to judgment as a matter of law by demonstrating that the black ice that allegedly caused the plaintiff to fall developed as a result of precipitation that fell on the day of the accident, and that the defendant did not create or have actual or constructive notice of the existence of the black ice (*see Sherman v New York State Thruway Auth.*, 27 NY3d 1019, 1021 [2016]; *Gordon v American Museum of Natural History*, 67 NY2d 836, 837 [1986]; *Yannotti v Four Bros. Homes at Heartland Condominium I*, 24 AD3d 659, 660 [2005]). Contrary to the plaintiff's contention, the Supreme Court properly considered her deposition transcript in determining the motion (*see* CPLR 2001; *Ciraldo v County of Westchester*, 147 AD3d 813, 814 [2017]; *Gallway v Muintir, LLC*, 142 AD3d 948, 949 [2016]). In opposition, the plaintiff failed to raise a triable is-

sue of fact as to whether the black ice was the product of a prior storm (*see Talamas v Metropolitan Transp. Auth.*, 120 AD3d 1333, 1335 [2014]; *cf. Burniston v Ranric Enters. Corp.*, 134 AD3d 973, 974 [2015]).

Accordingly, the Supreme Court should have granted the defendant's motion for summary judgment dismissing the complaint. Mastro, J.P., Hall, Austin and Barros, JJ., concur.