Steffens v Sachem Cent. Sch. Dist. (2021 NY Slip Op 00450)





Steffens v Sachem Cent. Sch. Dist.


2021 NY Slip Op 00450


Decided on January 27, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 27, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SYLVIA O. HINDS-RADIX
BETSY BARROS
PAUL WOOTEN, JJ.


2018-14917
 (Index No. 7040/16)

[*1]Jamie Steffens, respondent, 
v
Sachem Central School District, appellant.


Congdon, Flaherty, O'Callaghan, Reid, Donlon, Travis & Fishlinger, Uniondale, NY (Kathleen D. Foley of counsel), for appellant.
Bragoli & Associates, P.C., Melville, NY (Joseph M. Sorce and Susan R. Nudelman of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Suffolk County (Joseph A. Santorelli, J.), dated October 4, 2018. The order denied the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
At approximately 11:00 a.m. on January 19, 2016, the plaintiff allegedly slipped and fell on a patch of black ice located in a cracked and depressed portion of the front parking lot at Merrimac Elementary School. The subject parking lot had been inspected by two of the defendant's custodians earlier that morning. The first inspection was conducted at approximately 6:30 a.m. by head custodian Carl Milazzo. The second inspection was conducted at approximately 9:15 or 9:30 a.m. by custodian Domingo Serrano.
In July 2016, the plaintiff commenced this action to recover damages for personal injuries against the defendant. Following discovery, the defendant moved for summary judgment dismissing the complaint, and the plaintiff opposed the motion. The Supreme Court denied the defendant's motion for summary judgment dismissing the complaint. The defendant appeals.
Black ice is a transient condition that is "difficult to see or recognize as ice" (Golonka v Saratoga Teen & Recreation of Saratoga Springs, 249 AD2d 854, 856 [internal quotation marks omitted]). Personal injury actions involving black ice are particularly challenging for plaintiffs. If the slippery condition is not readily visible and apparent, then, by definition, actual or constructive notice of it to the property owner is unlikely and perhaps impossible, depending on the circumstances of the case. Nevertheless, these unique issues do not change the burden of proof which a property owner must meet in order to establish prima facie entitlement to summary judgment (see Cohen v Woodlands Condominium Assn., 186 AD3d 558; Elassad v Nastasi, 165 AD3d 1040, 1040-1041; Vozzo v Fairfield Westlake Sq., LLC, 152 AD3d 815).
"A property owner will be held liable for a slip-and-fall accident involving snow and ice on its property only when it created the dangerous condition which caused the accident or had [*2]actual or constructive notice of its existence" (Cuillo v Fairfield Prop. Servs., L.P., 112 AD3d 777, 778; see Ahmetaj v Mountainview Condominium, 171 AD3d 683, 684). "Thus, a defendant who moves for summary judgment in a slip-and-fall case has the initial burden of making a prima facie showing that it neither created the hazardous condition nor had actual or constructive notice of its existence for a sufficient length of time to discover and remedy it" (Castillo v Silvercrest, 134 AD3d 977, 977; see Ahmetaj v Mountainview Condominium, 171 AD3d at 684).
Here, the defendant failed to submit sufficient evidence establishing, prima facie, that it did not have actual or constructive notice of the alleged black ice condition. While its evidence demonstrated that there was a puddle of water in the area at issue when Milazzo inspected the parking lot at approximately 6:30 a.m., the evidence as to Serrano's inspections referred only to general inspection practices, including what he "would" do upon seeing an icy condition and without specific reference to the date of the plaintiff's fall. Thus, the defendant failed to demonstrate what Serrano actually observed when he inspected the parking lot at approximately 9:15 or 9:30 a.m. on that date of the plaintiff's fall (see Carro v Colonial Woods Condominiums, 178 AD3d 893, 894; Muzio v Levittown Union Free Sch. Dist., 172 AD3d 1212). Under the circumstances, triable issues of fact exist, inter alia, as to whether the alleged black ice condition that caused the plaintiff to fall was visible and apparent, and whether it had existed for a sufficient length of time before the accident such that the defendant could have discovered and corrected it (see Calabro v Harbour at Blue Point Home Owners Assn., Inc., 120 AD3d 462, 463).
Since the defendant failed to meet its prima facie burden, we need not consider the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853; Stevens v St. Charles Hosp. & Rehabilitation Ctr., 165 AD3d 729, 731). Accordingly, we agree with the Supreme Court's determination denying the defendant's motion for summary judgment dismissing the complaint.
DILLON, J.P., HINDS-RADIX, BARROS and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court