Miller v Terrace City Lodge No. 1499, Improved Benevolent Protection Order of the Elks of the World of Yonkers, N.Y., Inc. (2021 NY Slip Op 04709)





Miller v Terrace City Lodge No. 1499, Improved Benevolent Protection Order of the Elks of the World of Yonkers, N.Y., Inc.


2021 NY Slip Op 04709


Decided on August 18, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 18, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI
LINDA CHRISTOPHER, JJ.


2020-00636
 (Index No. 54695/18)

[*1]Cary Miller, appellant,
v Terrace City Lodge No. 1499, Improved Benevolent Protection Order of the Elks of the World of Yonkers, New York, Inc., respondent, et al., defendants.


Mallilo & Grossman, Flushing, NY (Spencer R. Bell of counsel), for appellant.
Wilson Elser Moskowitz Edelman & Dicker, LLP, New York, NY (Ross B. Barbour of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Westchester County (Charles D. Wood, J.), dated December 13, 2019. The order granted the motion of the defendant Terrace City Lodge No. 1499, Improved Benevolent Protective Order of Elks of the World of Yonkers, New York, Inc., for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the order is reversed, on the law, with costs, and the motion of the defendant Terrace City Lodge No. 1499, Improved Benevolent Protective Order of Elks of the World of Yonkers, New York, Inc., for summary judgment dismissing the complaint insofar as asserted against it is denied.
On the night of December 30, 2017, the plaintiff allegedly slipped and fell on ice in the parking lot of the defendant Terrace City Lodge No. 1499, Improved Benevolent Protective Order of Elks of the World of Yonkers, New York, Inc. (hereinafter Terrace City Lodge). The plaintiff commenced this action against, among others, Terrace City Lodge. Terrace City Lodge moved for summary judgment dismissing the complaint insofar as asserted against it, contending that it neither created nor had notice of the snow and ice condition. The Supreme Court granted the motion. The plaintiff appeals.
A defendant property owner moving for summary judgment in an action predicated upon the presence of snow or ice has the burden of establishing, prima facie, that it neither created the snow or ice condition that allegedly caused the plaintiff to fall nor had actual or constructive notice of that condition (see Giambruno v Albrechet, 192 AD3d 671, 672; Steffens v Sachem Cent. Sch. Dist., 190 AD3d 1003, 1004). "Thus, a defendant who moves for summary judgment in a slip-and-fall case has the initial burden of making a prima facie showing that it neither created the hazardous condition nor had actual or constructive notice of its existence for a sufficient length of time to discover and remedy it" (Castillo v Silvercrest, 134 AD3d 977; see Steffens v Sachem Cent. Sch. Dist., 190 AD3d at 1003). A defendant has constructive notice of a hazardous condition on property when the condition is visible and apparent, and has existed for a sufficient length of time [*2]to afford the defendant a reasonable opportunity to discover and remedy it (see Gordon v American Museum of Natural History, 67 NY2d 836, 837-838). "To meet its initial burden on the issue of lack of constructive notice, the defendant must offer some evidence as to when the area in question was last cleaned or inspected relative to the time when the plaintiff fell" (Birnbaum v New York Racing Assn., Inc., 57 AD3d 598, 598-599; see Ahmetaj v Mountainview Condominium, 171 AD3d 683, 684). Mere reference to general cleaning and inspection practices is insufficient to establish a lack of constructive notice (see Anderson v United Parcel Serv., Inc., ___ AD3d ___, 2021 NY Slip Op 02777 [2d Dept]; Ahmetaj v Mountainview Condominium, 171 AD3d at 684).
Terrace City Lodge failed to establish, prima facie, that it did not have constructive notice of the alleged hazardous condition (see Steffens v Sachem Cent. Sch. Dist., 190 AD3d at 1004; Castillo v Silvercrest, 134 AD3d at 977). Terrace City Lodge cannot establish its entitlement to judgment as a matter of law merely by pointing out gaps in the plaintiff's case (see Baines v G & D Ventures, Inc., 64 AD3d 528, 529). Since Terrace City Lodge failed to meet its initial burden as the movant, the Supreme Court should have denied its motion for summary judgment dismissing the complaint insofar as asserted against it regardless of the sufficiency of the plaintiff's opposition papers.
DILLON, J.P., CONNOLLY, IANNACCI and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court