Finck v VL 10 1620 New Highway, LLC (2022 NY Slip Op 01771)





Finck v VL 10 1620 New Highway, LLC


2022 NY Slip Op 01771


Decided on March 16, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 16, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
CHERYL E. CHAMBERS
SHERI S. ROMAN
JOSEPH A. ZAYAS, JJ.


2019-10806
 (Index No. 603805/14)

[*1]Chinet Finck, et al., appellants, 
v
VL 10 1620 New Highway, LLC, et al., respondents (and a third-party action).


Dell & Dean, PLLC (Joseph G. Dell and Mischel & Horn, P.C., New York, NY [Scott T. Horn and Christen Giannaros], of counsel), for appellants.
Ahmuty, Demers & McManus, Albertson, NY (Glenn A. Kaminska and Nicholas Vevante of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Nassau County (Jerome C. Murphy, J.), entered August 15, 2019. The order granted the defendants' motion for summary judgment dismissing the complaint and denied the plaintiffs' cross motion for leave to amend the complaint to add new parties and to deem the amended complaint timely served nunc pro tunc, or in the alternative, for an extension of time to serve the newly added defendants.
ORDERED that the order is affirmed, with costs.
On January 18, 2012, the plaintiff Chinet Finck (hereinafter the injured plaintiff) allegedly fell as a result of a pothole while exiting a minibus that she had just parked at a bus yard located at 1620 New Highway in Farmingdale, which, according to the yard's deed, was owned by Little Joseph Realty, Inc., and leased to Atlantic Express Transportation Corp. On July 24, 2014, the injured plaintiff, and her husband suing derivatively, commenced this action against the
defendant Little Joseph Realty, LLC (hereinafter Joseph LLC), alleging that it was the owner of the property. On February 20, 2015, one month after the expiration of the statute of limitations, the plaintiffs filed an amended complaint adding VL 10 1620 New Highway, LLC (hereinafter VL 10), as a defendant. On April 9, 2015, the defendants filed a joint answer. On September 7, 2018, the defendants moved for leave to amend their answer to include the affirmative defense that the action against VL 10 was time-barred. In an order entered December 10, 2018, the Supreme Court granted that motion.
On March 5, 2019, the defendants moved for summary judgment dismissing the complaint insofar as asserted against Joseph LLC, on the ground that it did not occupy, own, control, or otherwise have a special use of the subject property, and for summary judgment dismissing the complaint insofar as asserted against VL 10 as time-barred. On or about May 15, 2019, the plaintiffs opposed the defendants' motion and cross-moved, inter alia, for leave to amend the complaint to add [*2]new parties, including the actual owner of the property, JPD United 1, LLC, into which Little Joseph Realty, Inc., had been merged. Little Joseph Realty, Inc., was thereafter dissolved. In the order appealed from, entered August 15, 2019, the Supreme Court granted the defendants' motion for summary judgment dismissing the complaint and denied the plaintiffs' cross motion, inter alia, for leave to amend the complaint. The plaintiffs appeal.
"'As a general rule, liability for a dangerous condition on real property must be predicated upon ownership, occupancy, control, or special use of the property'" (Yu Ying Zhi v J-Mart Group, Inc., 189 AD3d 939, 940, quoting Futter v Hewlett Sta. Yogurt, Inc., 149 AD3d 912, 913 [internal quotation marks omitted]). Here, Joseph LLC established, prima facie, that it did not owe a duty to the plaintiffs because it did not own, occupy, control, or otherwise use the subject property. According to the deed, the owner of the property is Little Joseph Realty, Inc., not Joseph LLC. Moreover, the president of the company that owned Joseph LLC attested that Joseph LLC did not own or ever have any interest in the property, was never responsible for repairing, maintaining, or cleaning the property, and never performed or entered into any contract for any repair, maintenance, or cleaning work at the property. He further stated that Joseph LLC had no business, corporate, or any other relationship with VL 10. As the plaintiffs failed to demonstrate the existence of triable issues of fact as to whether Joseph LLC owed the injured plaintiff a duty of care, the Supreme Court properly granted that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against Joseph LLC.
Further, the Supreme Court properly granted that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against VL 10 as time-barred. It is undisputed that the three-year statute of limitations (see CPLR 214[5]) already had expired when the amended complaint was filed, and the plaintiffs failed to demonstrate that the relation-back doctrine applies (see id. § 203[b]; Matter of Germain v Town of Chester Planning Bd., 178 AD3d 926, 927). Here, the plaintiff failed to demonstrate that VL 10 was "united in interest" with the original defendant, Joseph LLC, because it failed to show that Joseph LLC had any interest in the subject property (Buran v Coupal, 87 NY2d 173, 178; Pirozzi v Garvin, 185 AD3d 848, 851; Weckbecker v Skanska USA Civ. Northeast, Inc., 173 AD3d 936, 937).
Finally, the Supreme Court properly denied the plaintiffs' cross motion, inter alia, for leave to amend the complaint to add as defendants JPD United, Inc.; JPD United 1, LLC; JPD United Construction, LLC; and JPD Masonry and Landscape Supply because those entities were not united in interest with Joseph LLC, which was the only named defendant that was timely served (see Buran v Coupal, 87 NY2d at 178).
BRATHWAITE NELSON, J.P., CHAMBERS, ROMAN and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court