Edwards v Genting N.Y., LLC (2023 NY Slip Op 03223)

Edwards v Genting N.Y., LLC

2023 NY Slip Op 03223

Decided on June 14, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 14, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
CHERYL E. CHAMBERS
JOSEPH J. MALTESE
DEBORAH A. DOWLING, JJ.

2020-07451
 (Index No. 504297/16)

[*1]Lebert Edwards, appellant, 
v
Genting New York, LLC, respondent (and a third-party action).

O. Benjamin Okeke, Brooklyn, NY, for appellant.
Wilson Elser Moskowitz Edelman & Dicker LLP, New York, NY (Stacey L. Seltzer of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Reginald A. Boddie, J.), dated September 3, 2020. The order, insofar as appealed from, granted that branch of the defendant's motion which was for summary judgment dismissing the complaint.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the defendant's motion which was for summary judgment dismissing the complaint is denied.
On February 23, 2015, at approximately 1:00 a.m., the plaintiff allegedly sustained injuries when he slipped and fell on black ice in an exterior parking lot of the defendant's premises. On March 23, 2016, the plaintiff commenced this personal injury action against the defendant. After the completion of discovery, the defendant moved, inter alia, for summary judgment dismissing the complaint, contending that it neither created nor had actual or constructive notice of the black ice condition that allegedly caused the plaintiff to fall. The Supreme Court granted that branch of the defendant's motion, and the plaintiff appeals.
"A property owner will be held liable for a slip-and-fall accident involving snow and ice on its property only when it created the dangerous condition which caused the accident or had actual or constructive notice of its existence" (Cuillo v Fairfield Prop. Servs., L.P., 112 AD3d 777, 778). Accordingly, a property owner seeking summary judgment in a slip-and-fall case "has the initial burden of making a prima facie showing that it neither created the hazardous condition nor had actual or constructive notice of its existence for a sufficient length of time to discover and remedy it" (Castillo v Silvercrest, 134 AD3d 977, 977). "To meet its initial burden on the issue of lack of constructive notice, [a] defendant must offer some evidence as to when the area in question was last cleaned or inspected relative to the time when the plaintiff fell" (Birnbaum v New York Racing Assn., Inc., 57 AD3d 598, 598-599; see Carro v Colonial Woods Condominiums, 178 AD3d 893). Here, the defendant failed to establish, prima facie, that it did not have constructive notice of the alleged ice condition. The defendant provided no evidence regarding any specific inspection of the subject area prior to the plaintiff's fall, and there are triable issues of fact as to whether the alleged ice condition had existed for a sufficient length of time before the accident such that the [*2]defendant could have discovered and corrected it (see Steffens v Sachem Cent. Sch. Dist., 190 AD3d 1003, 1004-1005; Mignogna v 7-Eleven, Inc., 76 AD3d 1054, 1054-1055).
Accordingly, the Supreme Court should have denied that branch of the defendant's motion which was for summary judgment dismissing the complaint regardless of the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
BARROS, J.P., CHAMBERS, MALTESE and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court