Islam v City of New York (2023 NY Slip Op 03685)

Islam v City of New York

2023 NY Slip Op 03685

Decided on July 5, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 5, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
LARA J. GENOVESI
DEBORAH A. DOWLING
HELEN VOUTSINAS, JJ.

2021-06408
 (Index No. 711125/19)

[*1]Mohammed Islam, appellant,
v
City of New York, et al., respondents,

Gruenberg Kelly Della, Ronkonkoma, NY (Zachary M. Beriloff of counsel), for appellant.
Anna J. Ervolina, Brooklyn, NY (Timothy J. O'Shaughnessy of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Tracy Catapano-Fox, J.), dated April 6, 2021. The order granted the defendants' motion for summary judgment dismissing the complaint and denied, as academic, the plaintiff's cross-motion to compel the defendants to produce certain discovery.
ORDERED that the order is reversed, on the law and in the exercise of discretion, without costs or disbursements, the defendants' motion for summary judgment dismissing the complaint is denied, and the plaintiff's cross-motion to compel the defendants to produce certain discovery is denied on the merits.
The plaintiff commenced this action against the defendants to recover damages for personal injuries he allegedly sustained when he slipped and fell on snow and ice on a subway station staircase. After the plaintiff filed a note of issue, the defendants, the City of New York and the New York City Transit Authority, moved for summary judgment dismissing the complaint on the ground that they did not create the alleged hazardous condition or have actual or constructive notice of its existence, and the plaintiff cross-moved to compel the defendants to produce certain discovery. In an order dated April 6, 2021, the Supreme Court granted the defendants' motion and denied the plaintiff's cross-motion as academic. The plaintiff appeals.
"A defendant property owner moving for summary judgment in an action predicated upon the presence of snow or ice has the burden of establishing, prima facie, that it neither created the snow or ice condition that allegedly caused the plaintiff to fall nor had actual or constructive notice of that condition" (Miller v Terrace City Lodge No. 1499, Improved Benevolent Protection Order of the Elks of the World of Yonkers, N.Y., Inc., 197 AD3d 643, 644; see Giambruno v Albrechet, 192 AD3d 671, 672; Castillo v Silvercrest, 134 AD3d 977). "A defendant has constructive notice of a hazardous condition on property when the condition is visible and apparent, and has existed for a sufficient length of time to afford the defendant a reasonable opportunity to discover and remedy it" (Miller v Terrace City Lodge No. 1499, Improved Benevolent Protection Order of the Elks of the World of Yonkers, N.Y., Inc., 197 AD3d at 644; see Gordon v American Museum of Natural History, 67 NY2d 836, 837-838). "To meet its initial burden on the issue of lack [*2]of constructive notice, the defendant must offer some evidence as to when the area in question was last cleaned or inspected relative to the time when the plaintiff fell" (Birnbaum v New York Racing Assn., Inc., 57 AD3d 598, 598-599; see Ahmetaj v Mountainview Condominium, 171 AD3d 683, 684). Mere reference to general cleaning and inspection practices is insufficient to establish a lack of constructive notice (see Anderson v United Parcel Serv., 194 AD3d 675, 677; Ahmetaj v Mountainview Condominium, 171 AD3d at 684).
Here, the defendants failed to establish, prima facie, that they did not have constructive notice of the alleged hazardous snow and ice condition that caused the plaintiff to fall. The evidence submitted by the defendants in support of their motion did not show when the staircase was last cleaned or inspected in relation to when the subject accident occurred, but rather merely described their general cleaning and inspection practices for the staircase (see Rong Wen Wu v Arniotes, 149 AD3d 786, 787-788; Garcia-Monsalve v Wellington Leasing, L.P., 123 AD3d 1085, 1086). Since the defendants failed to meet their initial burden as the movants, the Supreme Court should have denied their motion for summary judgment dismissing the complaint, regardless of the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
With respect to the plaintiff's cross-motion, he failed to address what unusual or unanticipated circumstances he faced such that he was entitled to post-note of issue discovery (see 22 NYCRR 202.21[d]). Accordingly, the plaintiff's cross-motion to compel the defendants to produce certain discovery is denied on the merits.
IANNACCI, J.P., GENOVESI, DOWLING and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court