| |
|---|
| **Sanchez v Dushey** |
| 2024 NY Slip Op 31690(U) |
| May 15, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 152441/2019 |
| Judge: Paul A. Goetz |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    HON. PAUL A. GOETZ         PART          47

*Justice*

-------------------------------------------------------------------------X

JOEL LOPEZ SANCHEZ,

           Plaintiff,

       - v -

JACK DUSHEY, INDIVIDUALLY, AND AS A PARTNER IN
540 FULTON ASSOCIATES, 540 FULTON ASSOCIATES,
540 FULTON ASSOCIATES LLC,PAV-LAK CONTRACTING
INC.,

          Defendants.

-------------------------------------------------------------------------X

540 FULTON ASSOCIATES LLC, PAV-LAK CONTRACTING
INC.

         Plaintiffs,

     -against-

STRUCTURETECH NEW YORK, INC.

          Defendant.

-------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 152441/2019 |
| MOTION DATE | 04/29/2022, 04/14/2022 |
| MOTION SEQ. NO. | 001 002 |

**DECISION + ORDER ON MOTION**

Third-Party
Index No. 596174/2019

The following e-filed documents, listed by NYSCEF document number (Motion 001) 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, 93, 95, 96, 99, 101

were read on this motion to/for         JUDGMENT - SUMMARY        .

The following e-filed documents, listed by NYSCEF document number (Motion 002) 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 97, 98, 100

were read on this motion to/for         JUDGMENT - SUMMARY        .

     In this Labor Law personal injury action, plaintiff moves for summary judgment (motion sequence 001) on his Labor Law § 241(6) claim as against defendants 540 Fulton Associates LLC and Pav Lak Contracting Inc. (collectively "Fulton defendants"). The Fulton defendants move for summary judgment (motion sequence 002) seeking dismissal of plaintiff's complaint as against them.

## BACKGROUND

Defendant 540 Fulton Associates, LC ("540 Fulton") owned the premises located at 540 Fulton Street, Brooklyn, New York (NYSCEF Doc No 72 ¶ 3). Defendant Pav Lak Contracting Inc ("Pav Lak") was the construction manager and general contractor at the premises (*id.* at ¶ 4). Pav Lak was hired by 540 Fulton to manage the construction of a 43-story building at 540 Fulton Street (*id.* at ¶ 5). Pav Lak hired StructureTech New York, Inc. ("StructureTech") to complete the foundation work at the Job Site (*id.* at ¶ 9). Plaintiff, was a StructureTech employee who was tasked with using an electric power saw to cut wood and make forms for the foundation work (*id.* at ¶ 24). Plaintiff alleges that the floor of his work area was wet with standing puddles of water and when he reached down to pick up the electric saw he slipped on a puddle and injured himself (*id.* at ¶ 25 – 32).

## DISCUSSION

*Summary Judgment Standard*

It is well settled that 'the proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact'" (*Pullman v Silverman*, 28 NY3d 1060, 1062 [2016], quoting *Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). "Failure to make such showing requires denial of the motion, regardless of the sufficiency of the opposing papers" (*Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). "Once such a prima facie showing has been made, the burden shifts to the party opposing the motion to produce evidentiary proof in admissible form sufficient to raise material issues of fact which require a trial of the action" (*Cabrera v Rodriguez*, 72 AD3d 553, 553-54 [1st Dept 2010]).

**152441/2019   LOPEZ SANCHEZ, JOEL vs. JACK DUSHEY, INDIVIDUALLY,**
**Motion No.  001 002**

**Page 2 of 7**

"The court's function on a motion for summary judgment is merely to determine if any triable issues exist, not to determine the merits of any such issues or to assess credibility" (*Meridian Mgt. Corp. v Cristi Cleaning Serv. Corp.*, 70 AD3d 508, 510-11 [1st Dept 2010] [internal citations omitted]). The evidence presented in a summary judgment motion must be examined "in the light most favorable to the non-moving party" (*Schmidt v One New York Plaza Co. LLC*, 153 AD3d 427, 428 [2017], quoting *Ortiz v Varsity Holdings, LLC*, 18 NY3d 335, 339 [2011]) and bare allegations or conclusory assertions are insufficient to create genuine issues of fact (*Rotuba Extruders v Ceppos*, 46 NY2d 223, 231 [1978]). If there is any doubt as to the existence of a triable fact, the motion for summary judgment must be denied (*Rotuba Extruders v Ceppos*, 46 NY2d 223, 231 [1978]).

*Labor Law § 241(6) claim*

Plaintiff argues that the Fulton defendants are liable under Labor Law § 241(6) by allowing work to be performed on a wet and slippery work surface, in violation of 12 NYCRR 23–1.7(d), which they had a non-delegable duty to maintain. The Fulton defendants oppose and seek summary judgment in their favor, arguing that the work surface was not wet, and that even if it was wet, the work surface was a non-slip concrete which was not slippery and thus cannot be a violation of 12 NYCRR 23–1.7(d).

"Labor Law § 241(6) is a 'hybrid' statute, as the first sentence reiterates the general common-law standard of care, while the second sentence imposes a nondelegable duty with respect to compliance with rules of the Commissioner which contain specific, positive command[s]" (*Bazdaric v Almah Partners LLC*, 2024 NY Slip Op 00847 [Ct App Feb. 20, 2024]). "[A]n owner or general contractor is vicariously liable without regard to [their] fault, and

**152441/2019   LOPEZ SANCHEZ, JOEL vs. JACK DUSHEY, INDIVIDUALLY,**
**Motion No.  001 002**

**Page 3 of 7**

3 of 7

even in the absence of control or supervision of the worksite, where a plaintiff establishes a violation of a specific and applicable Industrial Code regulation" (*id.*).

Plaintiff argues that defendants violated 12 NYCRR 23–1.7(d), "General Hazards, slipping hazards", which provides:

> Employers shall not suffer or permit any employee to use a floor, passageway, walkway, scaffold, platform or other elevated working surface which is in a slippery condition. Ice, snow, water, grease and any other foreign substance which may cause slippery footing shall be removed, sanded or covered to provide safe footing.

"To meet their summary judgment burden, plaintiff[] here [is] required to show that: (1) section 23–1.7(d) applied under the circumstances; (2) defendants … violated that section's specific commands; (3) this violation alone, or considered with other undisputed factual evidence, constitutes negligence; and (4) the violation caused plaintiffs' injuries" (*Bazdaric*, 2024 NY Slip Op, at *3).

Here, plaintiff submits his own deposition testimony in support of his motion. Plaintiff testified that there were puddles of water on the concrete floor he was working on, and that when he was bending down to pick up a saw he slipped and fell because of the wet floor (NYSCEF Doc No 81 at 24:17 – 25:5; 47:17 – 47:25; 59:18 – 59:19). In opposition to plaintiff's motion, and in support of their own motion, Fulton defendants submit an affidavit from engineer Michael Cronin who opines that the concrete floor plaintiff alleges he slipped on is known to not be a slippery surface when wet, and thus would not be a "surface which is in a slippery condition" under 12 NYCRR 23–1.7(d) (NYSCEF Doc No 91). Fulton defendants also submit an affidavit by Steven Roberts, a certified meteorologist who opines that based on the meteorological data from the days preceding plaintiff's accident it is unlikely that the concrete surface was wet on the day of his accident. Mr. Roberts bases this opinion on his assertions that there had been no rain

**152441/2019   LOPEZ SANCHEZ, JOEL vs. JACK DUSHEY, INDIVIDUALLY,**   **Page 4 of 7**
**Motion No.  001 002**

4 of 7

for the 36 hours preceding the accident and the relative humidity and temperature on the day of the accident (NYSCEF Doc No 69). While Fulton defendants argue that a concrete floor is a nonslip surface and cannot be in a slippery condition when wet, courts have previously found "that [a] wet concrete floor … was a slippery condition within the meaning of 12 NYCRR 23.1.7(d)" (*Ennis v Noble Constr. Group, LLC*, 207 AD3d 703, 705 [2d Dept 2022])

In light of the conflicting evidence as to whether the floor was slippery on the day of plaintiff's accident a triable issue of fact as to whether the Fulton defendants violated 12 NYCRR 23–1.7(d). Accordingly, both plaintiff's and the Fulton defendants' motions for summary judgment on plaintiff's Labor Law § 241(6) claim will be denied.

*Labor Law § 240(1) claim*

The Fulton defendants argue that summary judgment is appropriate on plaintiff's Labor Law § 240(1) claim because plaintiff's alleged injury was not the result of an elevation-related hazard. Plaintiff submits no opposition to this portion of the Fulton defendants' motion.

Labor Law §240(1) imposes upon owners and contractors a nondelegable duty to provide proper and adequate safety devices so as to protect workers subject to elevation-related hazards. (*Torres v. Monroe College*, 12 AD3d 261, [1st Dept 2004]). Here, it is undisputed that plaintiff's injury was not the result of a difference in elevation. Accordingly, plaintiff's Labor Law § 240(1) claim will be dismissed.

*Labor Law § 200 and common law negligence claim*

Fulton Defendants argue that they are entitled to summary judgment in their favor on plaintiff's Labor Law § 200 claim because they neither created the dangerous condition that caused the accident or had actual or constructive notice of the dangerous condition that caused the accident. Plaintiff opposes by arguing that there is a triable issue of fact concerning the

**152441/2019  LOPEZ SANCHEZ, JOEL vs. JACK DUSHEY, INDIVIDUALLY,**  **Page 5 of 7**
**Motion No.  001 002**

5 of 7

Fulton defendant's notice of the allegedly dangerous condition since Pav Lak had employees on site who had a duty to inspect and maintain the site in a safe condition.

"Section 200 codifies a landowner's duty to provide workers with a reasonably safe place to work" (*Lemache v MIP One Wall St. Acquisition, LLC*, 190 AD3d 422, 423 [1st Dept 2021]). "Claims under the statute and common-law fall into two general categories: those arising from an alleged defect or dangerous condition existing on the premises and those arising from the manner in which the work was performed" (*id.*). "Where a premises condition is at issue, property owners may be held liable for a violation of Labor Law § 200 if the owner either created the dangerous condition that caused the accident or had actual or constructive notice of the dangerous condition that caused the accident" (*Ortega v Puccia*, 57 AD3d 54, 61 [2d Dept 2008]). "To provide constructive notice, a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit the defendants to discover and remedy it" (*Medina v La Fiura Dev. Corp.*, 69 AD3d 686, 686 [2d Dept 2010]). "To meet its initial burden on the issue of lack of constructive notice, the defendant must offer some evidence as to when the area in question was last cleaned or inspected relative to the time when the plaintiff fell" (*Islam v City of New York*, 218 AD3d 449, 450 [2d Dept 2023]). "Mere reference to general cleaning and inspection practices is insufficient to establish a lack of constructive notice" (*id.* at 451).

Here, the Fulton defendants submit the testimony of plaintiff who admits that he did not notify any of the Fulton defendants' employees of the allegedly slippery condition. The Fulton defendants also submit the testimony of Pav Lak senior project manager William McNiece who states that he walks the job site regularly and that neither he nor any other of the Pav Lak employees were notified of the allegedly dangerous condition. While, Fulton Defendants have

**152441/2019   LOPEZ SANCHEZ, JOEL vs. JACK DUSHEY, INDIVIDUALLY,**
**Motion No.  001 002**

**Page 6 of 7**

6 of 7

[* 6]

established that they did not have actual notice of the alleged condition, viewing the evidence in the light most favorable to plaintiff, they have not established that they lacked constructive notice, since they did not show when the area was last cleaned or inspected, but rather merely described the general inspection practices on the site (*see Quigley v Port Auth. of NY & NJ*, 168 AD3d 65,68 [1st Dept 2018]). Accordingly, that portion of the Fulton Defendant's motion seeking summary judgment on plaintiff's Labor Law § 200 and common law negligence claims will be denied.

## CONCLUSION

Based on the foregoing, it is

ORDERED that plaintiff's motion for summary judgment (motion 001) on his Labor Law § 241(6) claim is denied; and it is further

ORDERED that the portion of the Fulton Defendant's motion for summary judgment on plaintiff's Labor Law § 240(1) claim is granted and that claim is dismissed as against them; and it is further

ORDERED that the portion of the Fulton Defendant's motion for summary judgment on plaintiff's Labor Law § 241(6), Labor Law § 200, and common law negligence claims is denied.

20240515165750PG0ETZ1B23DE188A7BD4EC60490482CC5EF9B04

__5/15/2024__
DATE

PAUL A. GOETZ, J.S.C.

| CHECK ONE: | | CASE DISPOSED | | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|---|
| | | GRANTED | | DENIED | X | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**152441/2019   LOPEZ SANCHEZ, JOEL vs. JACK DUSHEY, INDIVIDUALLY,**
**Motion No.  001 002**

Page 7 of 7

[* 7]