Ames v Kimso Apts., Inc. (2024 NY Slip Op 04186)

Ames v Kimso Apts., Inc.

2024 NY Slip Op 04186

Decided on August 14, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 14, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
JOSEPH J. MALTESE
HELEN VOUTSINAS
LAURENCE L. LOVE, JJ.

2022-03188
2022-04812
 (Index No. 151687/20)

[*1]Tabitha Ames, appellant, 
v
Kimso Apartments, Inc., et al., respondents.

Bailly and McMillan, LLP (Rosenbaum & Taylor, P.C., White Plains, NY [Tracy L. Frankel], of counsel), for appellant.
Litchfield Cavo LLP, New York, NY (Ardinez A. Domgjoni of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Richmond County (Lizette Colon, J.), dated April 25, 2022, and (2) a judgment of the same court entered May 13, 2022. The order granted the defendants' motion for summary judgment dismissing the amended complaint. The judgment, upon the order, is in favor of the defendants and against the plaintiff dismissing the amended complaint.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the judgment is reversed, on the law, the defendants' motion for summary judgment dismissing the amended complaint is denied, the amended complaint is reinstated, and the order is modified accordingly; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501[a][1]).
The plaintiff allegedly was injured when she slipped and fell on a wet substance that was on the floor of the defendants' residential building. Thereafter, the plaintiff commenced this action against the defendants to recover damages for personal injuries. The defendants moved for summary judgment dismissing the amended complaint, contending that they did not have actual or constructive notice of the alleged hazardous condition. In an order dated April 25, 2022, the Supreme Court granted the defendants' motion. A judgment was entered on May 13, 2022, upon the order, in favor of the defendants and against the plaintiff dismissing the amended complaint. The plaintiff appeals.
In a slip-and-fall case, a defendant moving for summary judgment "has the burden of making a prima facie showing that it neither (1) affirmatively created the hazardous condition nor [*2](2) had actual or constructive notice of the condition and a reasonable time to correct or warn about its existence" (Parietti v Wal-Mart Stores, Inc., 29 NY3d 1136, 1137; see Ortiz v New York City Hous. Auth., 227 AD3d 732, 733). "A defendant has constructive notice of a hazardous condition on property when the condition is visible and apparent, and has existed for a length of time sufficient to afford the defendant a reasonable opportunity to discover and remedy it" (Bravo v 564 Seneca Ave. Corp., 83 AD3d 633, 634; see Gordon v American Museum of Natural History, 67 NY2d 836, 837). "To meet its initial burden on the issue of lack of constructive notice, a defendant must offer some evidence as to when the area in question was last cleaned or inspected relative to the time when the plaintiff fell" (Edwards v Genting N.Y., LLC, 217 AD3d 749, 750 [alterations and internal quotation marks omitted]).
Here, the defendants failed to establish, prima facie, that they did not have constructive notice of the condition that allegedly caused the plaintiff to fall (see Ortiz v New York City Hous. Auth., 227 AD3d at 733; Morlan v Atlantic Westerly Co., 214 AD3d 787, 789). In support of the motion, the defendants failed to present evidence regarding specific cleaning or inspection of the area in question relative to the time when the accident occurred. In her affidavit, the defendants' property manager merely described general cleaning and inspection practices. "Reference to general cleaning practices is insufficient to establish a lack of constructive notice in the absence of evidence regarding specific cleaning or inspection of the area in question" (Rodriguez v New York City Hous. Auth., 169 AD3d 947, 948 [internal quotation marks omitted]; see Ortiz v New York City Hous. Auth., 227 AD3d at 733). Since the defendants failed to meet their initial burden as the movants, the Supreme Court should have denied their motion for summary judgment dismissing the amended complaint, without regard to the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
The plaintiff's remaining contention is without merit.
BRATHWAITE NELSON, J.P., MALTESE, VOUTSINAS and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court