Marinis v Loschiavo (2024 NY Slip Op 05970)

Marinis v Loschiavo

2024 NY Slip Op 05970

Decided on November 27, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 27, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
CHERYL E. CHAMBERS
WILLIAM G. FORD
CARL J. LANDICINO, JJ.

2021-08819
 (Index No. 703301/21)

[*1]John Marinis, appellant, 
v
Mark Loschiavo, et al., respondents.

Sacco & Fillas, LLP, Astoria, NY (Elliot L. Lewis of counsel), for appellant.
Baxter & Smith, P.C., Hicksville, NY (Harold A. Campbell of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Robert J. McDonald, J.), dated November 22, 2021. The order granted the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against the defendant 149-53 14th Avenue, LLC, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed, with costs to the plaintiff.
The plaintiff allegedly was injured when he slipped and fell on snow and ice in front of real property owned by the defendant 149-53 14th Avenue, LLC. The plaintiff commenced this action to recover damages for personal injuries against 149-53 14th Avenue, LLC, and the defendant Mark Loschiavo, a member of 149-53 14th Avenue, LLC. The defendants moved for summary judgment dismissing the complaint. In an order dated November 22, 2021, the Supreme Court granted the motion. The plaintiff appeals.
The defendants demonstrated their prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against Loschiavo on the ground that he owed no duty to the plaintiff, as Loschiavo was not an owner of the subject premises and did not create the snow and ice condition (see Finck v VL 10 1620 New Hwy., LLC, 203 AD3d 892, 892; Maltese v Metropolitan Transp. Auth., 179 AD3d 780, 783-784; Zorin v City of New York, 137 AD3d 1116,
1118). In opposition, the plaintiff failed to demonstrate the existence of a triable issue of fact. Accordingly, the Supreme Court properly granted that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against Loschiavo.
The Supreme Court erred, however, in granting that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against 149-53 14th Avenue, LLC. Section 7-210 of the Administrative Code of the City of New York imposes a nondelegable duty on certain landowners, which includes 149-53 14th Avenue, LLC, to maintain sidewalks abutting their land, including the removal of snow and ice (see Xiang Fu He v Troon Mgt., Inc., 34 NY3d 167, 169; see Gambino v 475 Park Ave. S., LLC, 197 AD3d 621, 622). "[T]he duty applies with full force notwithstanding an owner's transfer of possession to a lessee or maintenance agreement with a nonowner" (Xiang Fu He v Troon Management, Inc., 34 NY3d at 169; Zamora v David Caccavo, LLC, 190 AD3d 895, 896). Landowners, however, are not strictly liable for all [*2]personal injuries that occur on the abutting sidewalk, as "section 7-210 adopts a duty and standard of care that accords with traditional tort principles of negligence and causation" (Xiang Fu He v Troon Mgt., Inc., 34 NY3d at 171; see Zamora v David Caccavo, LLC, 190 AD3d at 897).
"A defendant property owner moving for summary judgment in an action predicated upon the presence of snow or ice has the burden of establishing, prima facie, that it neither created the snow or ice condition that allegedly caused the plaintiff to fall nor had actual or constructive notice of that condition" (Miller v Terrace City Lodge No. 1499, Improved Benevolent Prot. Order of the Elks of the World of Yonkers, N.Y., Inc., 197 AD3d 643, 644; see Islam v City of New York, 218 AD3d 449, 450). "A defendant has constructive notice of a hazardous condition on property when the condition is visible and apparent, and has existed for a sufficient length of time to afford the defendant a reasonable opportunity to discover and remedy it" (Miller v Terrace City Lodge No. 1499, Improved Benevolent Protection Order of the Elks of the World of Yonkers, N.Y., Inc., 197 AD3d at 644; see Gordon v American Museum of Natural History, 67 NY2d 836, 837-838). "To meet its initial burden on the issue of lack of constructive notice, the defendant must offer some evidence as to when the area in question was last cleaned or inspected relative to the time when the plaintiff fell" (Birnbaum v New York Racing Assn., Inc., 57 AD3d 598, 598-599; see Islam v City of New York, 218 AD3d at 450; Ahmetaj v Mountainview Condominium, 171 AD3d 683, 684).
Here, the defendants failed to establish, prima facie, that 149-53 14th Avenue, LLC, did not have constructive notice of the alleged snow and ice condition that caused the plaintiff to fall. The evidence submitted by the defendants failed to establish when the sidewalk was last cleaned or inspected relative to when the plaintiff fell (see Islam v City of New York, 218 AD3d at 451; Edwards v Genting N.Y., LLC, 217 AD3d 749, 750). Accordingly, the Supreme Court should have denied that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against 149-53 14th Avenue, LLC, regardless of the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
The plaintiff's remaining contention is without merit.
BARROS, J.P., CHAMBERS, FORD and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court