Ravello v Long Is. R.R. (2025 NY Slip Op 02361)

Ravello v Long Is. R.R.

2025 NY Slip Op 02361

Decided on April 23, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 23, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
VALERIE BRATHWAITE NELSON
DEBORAH A. DOWLING
LOURDES M. VENTURA, JJ.

2023-09864
 (Index No. 606151/21)

[*1]Barbara Ravello, appellant, 
v
Long Island Railroad, doing business as MTA Long Island Railroad (LIRR), respondent.

Harmon, Linder, & Rogowsky (Mitchell Dranow, Sea Cliff, NY, of counsel), for appellant.
Shein Johnson, P.C., Melville, NY (Steven Johnson of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Conrad D. Singer, J.), dated August 9, 2023. The order granted the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is denied.
The plaintiff commenced this action to recover damages for personal injuries that she allegedly sustained when she slipped and fell on black ice on the eastbound platform of the Hicksville station of the defendant, Long Island Railroad, doing business as MTA Long Island Railroad (LIRR). In an order dated August 9, 2023, the Supreme Court granted the defendant's motion for summary judgment dismissing the complaint. The plaintiff appeals.
"A property owner will be held liable for a slip-and-fall accident involving snow and ice on its property only when it created the dangerous condition which caused the accident or had actual or constructive notice of its existence" (Cuillo v Fairfield Prop. Servs., L.P., 112 AD3d 777, 778; see Steffens v Sachem Cent. Sch. Dist., 190 AD3d 1003, 1004). "Accordingly, a property owner seeking summary judgment in a slip-and-fall case 'has the initial burden of making a prima facie showing that it neither created the hazardous condition nor had actual or constructive notice of its existence for a sufficient length of time to discover and remedy it'" (Edwards v Genting N.Y., LLC, 217 AD3d 749, 750, quoting Castillo v Silvercrest, 134 AD3d 977, 977).
Here, the defendant failed to submit sufficient evidence establishing, prima facie, that it did not have constructive notice of the alleged black ice condition. The defendant's station cleaner provided only general information about his cleaning and inspection practices, and he failed to specify when he last cleaned or inspected the area where the plaintiff fell relative to the time of the accident (see id.; Steffens v Sachem Cent. Sch. Dist., 190 AD3d at 1004-1005).
Since the defendant failed to meet its prima facie burden, the Supreme Court should have denied its motion for summary judgment dismissing the complaint without regard to the [*2]sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
The parties' remaining contentions either need not be reached in light of our determination or are improperly raised for the first time on appeal.
CHAMBERS, J.P., BRATHWAITE NELSON, DOWLING and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court