Jackson v A M E Zion-Trinity Hous. Dev. Fund Co., Inc. (2026 NY Slip Op 00243)

Jackson v A M E Zion-Trinity Hous. Dev. Fund Co., Inc.

2026 NY Slip Op 00243

Decided on January 21, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 21, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
LINDA CHRISTOPHER
JANICE A. TAYLOR
JAMES P. MCCORMACK, JJ.

2022-09063
2023-12318
 (Index No. 51297/20)

[*1]Jesse Jackson, appellant, 
vA M E Zion-Trinity Housing Development Fund Company, Inc., et al., respondents.

Finkelstein & Partners, LLP, Newburgh, NY (Brian Acard and Andrew L. Spitz of counsel), for appellant.
Bailey, Johnson & Peck, P.C., Albany, NY (Thomas J. Johnson of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Dutchess County (Maria G. Rosa, J.), dated September 8, 2022, and (2) a judgment of the same court dated December 12, 2023. The order, insofar as appealed from, granted that branch of the defendants' motion which was for summary judgment dismissing so much of the complaint as alleged constructive notice of the allegedly defective condition. The judgment, insofar as appealed from, upon the order, is in favor of the defendants and against the plaintiff dismissing so much of the complaint as alleged constructive notice of the allegedly defective condition. 
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the judgment is reversed insofar as appealed from, on the law, that branch of the defendants' motion which was for summary judgment dismissing so much of the complaint as alleged constructive notice of the allegedly defective condition is denied, that portion of the complaint is reinstated, and the order is modified accordingly; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501[a][1]; Stanescu v Stanescu, 206 AD3d 1031, 1033).
The plaintiff commenced this action to recover damages for personal injuries that he allegedly sustained on December 4, 2019, at approximately 7:50 a.m., when he slipped and fell on a patch of ice in a parking lot of the defendant Harriet Tubman Terrace Apartments. The defendants moved for summary judgment dismissing the complaint. In an order [*2]dated September 8, 2022, the Supreme Court, inter alia, granted that branch of the defendants' motion which was for summary judgment dismissing so much of the complaint as alleged constructive notice of the allegedly defective condition. Following a trial on so much of the complaint as alleged that the defendants created the allegedly defective condition, the court issued a judgment dated December 12, 2023, dismissing the complaint. The plaintiff appeals from so much of the judgment as dismissed so much of the complaint as alleged constructive notice of the allegedly defective condition.
"In moving for summary judgment in an action predicated upon the presence of snow or ice, the defendants [have] the burden of establishing, prima facie, that [they] neither created the snow or ice condition that allegedly caused the plaintiff to fall nor had actual or constructive notice of that condition" (Gayle v City of New York, 230 AD3d 653, 654; see Islam v City of New York, 218 AD3d 449, 450). "Accordingly, a property owner seeking summary judgment in a slip-and-fall case has the initial burden of making a prima facie showing that it neither created the hazardous condition nor had actual or constructive notice of its existence for a sufficient length of time to discover and remedy it" (Ravello v Long Is. R.R., 237 AD3d 1123, 1124 [internal quotation marks omitted]; see Gayle v City of New York, 230 AD3d at 654).
Here, the defendants failed to establish, prima facie, that they lacked constructive notice of the alleged icy condition. The defendants' maintenance employee provided only general information about his snow and ice removal practices, and he failed to specify when he last salted, removed ice from, or inspected the area where the plaintiff fell relative to the time of the accident (see Ravello v Long Is. R.R., 237 AD3d at 1124; Edwards v Genting N.Y., LLC, 217 AD3d 749, 750).
Since the defendants failed to meet their prima facie burden, the Supreme Court should have denied that branch of their motion which was for summary judgment dismissing so much of the complaint as alleged constructive notice of the allegedly defective condition without regard to the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
BRATHWAITE NELSON, J.P., CHRISTOPHER, TAYLOR and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court